```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

LYNDON BARTHOLOMEW, et al.,      )
                                 )
                                 )       Civil Action No.
     Plaintiffs,                 )       5:10-cv-237-JMH
                                 )
v.                               )
                                 )
                                 )
DONALD BLEVINS, JR., et al.,     )   **MEMORANDUM OPINION AND ORDER**
                                 )
     Defendants.                 )

     \*\*  \*\*  \*\*  \*\*  \*\*

  This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction [DE 10]. On October 5, 2010, this Court ordered [DE 13] Plaintiffs to file a supplemental brief advising the Court upon what authority they claim that a copy of a military power of attorney, not the original, is sufficient to invoke the provisions and protections afforded by 10 U.S.C. 1044b(a), as well as to show cause why an original military power of attorney could not have been obtained in the interval between March 2010 and today's date. Plaintiffs filed a supplemental brief [DE 14], Defendants filed a Response to the Motion [DE 15], and Plaintiffs filed a Reply [16] in further support of their Motion. The Court being advised, this motion is ripe for consideration.

  The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535,

542 (6th Cir. 2007). "When considering a motion for preliminary injunction, a district court must balance four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Id.* (citing *Tumblebus, Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). The four considerations are factors to be balanced, not prerequisites, and a district court is not required to make specific findings concerning each factor if fewer factors are dispositive of the issue. *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003). Further, while none of the four factors generally is given controlling weight, a preliminary injunction may not issue where no likelihood of success exists on the merits. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

Having first determined that there is no likelihood that Plaintiffs' will succeed on the merits of their claim, the Court ends its inquiry there. Defendants may have declined to accept a copy of Plaintiff LaTonya Bartholomew's military power of attorney for the purposes of recording a deed, but there has been no violation of 10 U.S.C. § 1044b. Rather, a fair reading of that section does not require that copies of a military power of attorney have the same force and effect as the original, and the

decision to reject it does not violate 10 U.S.C. § 1044b.[1]

Plaintiffs have provided no authority to support their argument that 10 U.S.C. § 1044b contemplates that a copy of a military power of attorney instrument "shall be given the same legal effect as a power of attorney prepared and executed in accordance with the laws of the State concerned." 10 U.S.C. § 1044b(a)(2).[2] Section 1044b speaks only of a "military power of attorney," defined as "any general or special power of attorney that is notarized in accordance with section 1044a of this title or other applicable State or Federal law." The Court understands this to mean the original notarized military power of attorney, not a copy thereof, is the subject of § 1044b and, thus, exempted from state law requirements. In this sense, requiring an original

---

[1] The validity of LaTonya Bartholomew's original Military Power of Attorney instrument is not before the Court. The sole question before this Court is whether that original document, which presumably exists somewhere, and the copy presented to the County Attorney are of equal dignity under 10 U.S.C. § 1044b.

[2] Plaintiffs have cited Internal Revenue Service Chief Counsel Advice, Chief Couns. Advice 2005-03-001, 2005 WL 122050 (Jan. 21, 2005), for the proposition that a copy of a military power of attorney is the same as the original for the purposes of 10 U.S.C. § 1044b. In that document, the Chief Counsel advised that an attorney-in-fact could correct any omissions in an Internal Revenue Service power of attorney form for an absent taxpayer by filing the appropriate form and attaching a copy of an original military power of attorney as authority to correct those omissions. As Plaintiffs concede, this is not binding authority. In this Court's opinion, it is not persuasive either. That the IRS indicated a willingness, on a particular occasion, to accept a copy in lieu of an original military power of attorney says nothing about how this Court should read the plain language of § 1044b. Moreover, even though the IRS has rendered a purely advisory opinion which touches on the matter, that opinion clearly does not bind another sovereign.

military power of attorney instrument to be submitted, and not a copy, does not impose a requirement of form, substance, formality, or recording on the document in violation of 10 U.S.C. § 1044b. Rather, such a requirement is in keeping with 10 U.S.C. § 1044b, which speaks of the instrument itself – not a copy thereof. For these reasons, Plaintiffs cannot demonstrate any likelihood of success on the merits of their claim, and their Motion for Preliminary Injunction shall be denied.

Further, this Court has "accept[ed] all of the allegations in the complaint as true and construed the complaint liberally in favor of the plaintiff," *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999), yet finds that Plaintiffs' complaint "does not state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). Accordingly, upon the Court's own motion, Plaintiff shall show cause why this matter should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for the reasons set forth above.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion for Preliminary Injunction [DE 10] is **DENIED**; and

(2) that, upon the Court's own motion, Plaintiffs shall show cause on or before **October 28, 2010**, why this matter should not be dismissed for failure to state a claim.

This the 18th day of October, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge